IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Civil Action No. 07-1358 |
| | ) Related to Criminal No. 02-19 |
| | ) |
| SCOTT TYREE | ) |

MEMORANDUM OPINION

I

Before the Court is the motion of Scott Tyree ("Tyree") to vacate, set aside or correct sentence under 28 U.S.C. § 2255. For the reasons set forth below, the motion will be denied.[1]

II

The history of this case may be summarized as follows:

In 2002, a federal grand jury returned an indictment charging Tyree with the following offenses: Count 1 - using a computer and the Internet from November 2001 to January 2002 to induce a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b); Count 2 - traveling with a minor in interstate commerce on January 1, 2002 with the intent to engage in a sexual act in violation of 18 U.S.C. § 2423(b); Count 3 - transporting a minor in interstate commerce on January 1, 2002 with the intent to engage in criminal sexual activity in

---

1. An evidentiary hearing on Tyree's Section 2255 motion is not required because the motion, files and records in this case conclusively show that he is not entitled to relief. See 28 U.S.C. § 2255.

violation of 18 U.S.C. § 2423(a); and Count 4 - sexual exploitation of a minor on January 1, 2002 in violation of 18 U.S.C. § 2251(a).²

On March 24, 2003, Tyree entered a plea of guilty to Count 2 and a conditional plea of guilty to Count 4 of the indictment. In addition, as part of the plea agreement, Tyree accepted responsibility for Counts 1 and 3 of the indictment. On September 26, 2003, Tyree was sentenced under the United States Sentencing Guidelines ("USSG") to a term of imprisonment of 235 months. In addition, the Court imposed a 3-year term of supervised release on Tyree to commence upon his release from incarceration.³

On October 2, 2003, Tyree filed a Notice of Appeal from his conviction and sentence.⁴ On February 17, 2005, the Court of

---

2. Tyree, who was 38 years old and active in the bondage, discipline and sadomasochism lifestyle at the time of the offenses, met the minor, a 13 year old girl, on the Internet. The charges against Tyree arose out of his transportation of the minor from her home in Western Pennsylvania to his home in Virginia, where they engaged in sexual relations and other activity.

3. The term of imprisonment imposed upon Tyree consisted of 180 months at Count 2 and 235 months at Count 4 to be served concurrently, and his term of supervised release consisted of 3 years at each of Counts 2 and 4 to run concurrently.

4. As noted, Tyree's plea of guilty to Count 4 of the indictment was conditioned on his right to appeal the conviction on Count 4 to raise a statutory construction issue. In addition to this issue, Tyree challenged the Court's computation of his Offense Level under the USSG on six grounds.

2

Appeals for the Third Circuit issued a decision upholding Tyree's conviction but remanding the case for resentencing in light of the Supreme Court's then recent decision in United States v. Booker, 543 U.S. 220 (2005).[5] (Docket No. 195). Tyree appeared for resentencing on May 13, 2005, and the identical sentence was imposed, *i.e.*, 235 months' imprisonment and 3 years' supervised release. Tyree filed another appeal from his sentence.[6] However, on May 31, 2006, the Court of Appeals affirmed the Court's Judgment and Commitment Order which had been entered on May 17, 2005.

Tyree filed the present motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on October 9, 2007.

III

In his Section 2255 motion, Tyree challenges the following conditions of the 3-year term of supervised release imposed upon him following his release from incarceration:

---

5. The Supreme Court's decision in Booker, which was issued on January 12, 2005, consisted of two opinions. The first opinion, which was authored by Justice Stevens, held that because the USSG allowed judges to find facts (other than the fact of a prior conviction) which resulted in a sentence that was greater than the sentence authorized by the facts established by a guilty plea or a jury verdict, the USSG were unconstitutional. The second opinion, which was authored by Justice Breyer, devised the remedy of excising the statutory provision that made the USSG mandatory.

6. In the second appeal, Tyree challenged the sentence imposed by the Court at his resentencing hearing on three grounds. All of the challenges related to the length of the term of imprisonment imposed upon Tyree. (Docket No. 224).

3

* * *

    8. The defendant shall use only those computers and computer-related devices, screen user names, passwords, e-mail accounts, and Internet Service Providers as approved by the Probation Officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants, Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulleting (sic) boards, other computers, or similar media.

    9. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing "sexually explicit conduct" as defined at 18 U.S.C. § 2256(2).

* * *

(Docket No. 214).[7]

Tyree maintains that these conditions of supervised release violate the First Amendment because the conditions result in a greater deprivation of liberty than is reasonably necessary to deter future criminal conduct and to protect the public.

    In United States v. Bousley, 523 U.S. 614 (1998), the Supreme Court held that where a criminal defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a habeas petition only if the defendant can demonstrate either "cause" for the default and actual "prejudice" or that he is "actually innocent." See also

---

7. In the Court's first Judgment and Commitment Order in this case, which was entered on September 26, 2003, the conditions of supervised release challenged by Tyree were numbered 9 and 10. (Docket No. 173).

4

United States v. Ramos, 147 F.3d 281 (3d Cir.1998)(Even if defendant's *pro se* motion to vacate sentence did raise issue of whether jury instruction on "use" of firearms during and in relation to drug trafficking crime was erroneous, he did not raise issue on direct appeal, thus procedurally defaulting on the issue, and he could not demonstrate either cause for failing to raise the issue on direct appeal or actual innocence, as required for relief).

In the present case, Tyree did not challenge the conditions of supervised release cited above in the direct appeals filed from the Court's Judgment and Commitment Orders. As a result, he procedurally defaulted any challenge to the conditions of his supervised release, and, based on his failure to address the issue of "cause" and "prejudice" to excuse the procedural default,[8] he is not entitled to raise the issue in a Section 2255 petition. Under the circumstances, Tyree's Section 2255 motion will be denied.

IV

With respect to the issue of a certificate of appealability, the Court declines to issue a certificate based on Tyree's

---

8. There is no basis in this case for a claim of "actual innocence." Thus, Tyree's procedural default of his challenge to the conditions of supervised release can only be excused by establishing "cause" for failing to raise the claim in his direct appeals of the Court's Judgment and Commitment Orders and "prejudice."

5

failure to make "a substantial showing of a denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).

                                                */s/ William L. Standish*
                                                William L. Standish
                                              United States District Judge

Date: *January 13, 2008*