IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.                                                                                              2:01-cr-00019-AJS

SCOTT TYREE,
    Defendant.

**MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR RELIEF PURSUANT TO THE CRIME VICTIMS' RIGHTS ACT, 18 U.S.C. § 3771**

      Defendant Scott Tyree lured 13-year-old A.K. from her home in Pittsburgh, Pennsylvania on December 31, 2001. He had just dropped his own 12-year-old daughter off at the airport to return to her mother following a visit with him. He drove to Pittsburgh, picked up A.K., and took her back to his home in Herndon, Virginia—where he raped and tortured her using various devices and weapons. He broadcast her image over the internet, and bragged to viewers that he had acquired a "teenage sex slave." *See* Exhibit A, Statement of FBI Agent K. Yingling. To ensure they believed him, he told them to check the Pittsburgh newspapers. *Id.* Tyree kept A.K. naked and chained to the floor with a collar around her neck. *Id.* That's how FBI Agents and other law enforcement officers found her after they received a tip from one of the individuals who had viewed Tyree's online broadcasts. *Id.*

      Following a guilty plea, Tyree was sentenced to 235 months in prison and 3 years supervised release. Doc. No. 173 and Doc. No. 214 (Tyree received the same sentence after re-sentencing). On or around December 4, 2018, Tyree was moved by the Bureau of Prisons to the Renewal Center on the Boulevard of the Allies in downtown Pittsburgh—roughly 4 miles from

where Tyree stole A.K. away from her family on New Year's Eve just over 17 years ago. Doc. No. 255 and Exhibit B, Affidavit of A.K. The move was apparently made in anticipation of his release—into the Pittsburgh community—as soon as April 6, 2019. Exhibit C, email statement from U.S. Attorney's Office. A.K. did not receive notice that Tyree had been moved to Pittsburgh until she received a Facebook message from a news reporter following the case and asking for her comment. Exh. 2.

A.K., through undersigned counsel, now seeks relief from this Court pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771, as outlined in her motion for relief, and offers the following argument in support.

I. **Legal Basis for Relief**

The Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"), provides that a crime victim has, *inter alia*, "[t]he right to be reasonably protected from the accused[;]" "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding;" and "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a). A crime victim may assert her rights under the CVRA by petitioning the "district court in which a defendant is being prosecuted for the crime[.]" 18 U.S.C. § 3771(d)(3).

II. **Petitioner's Need for Court-Ordered Relief**

   A. *The Victim and Her Family Deserve Peace*

Although A.K. is no longer residing in the immediate Pittsburgh area, this remains her "hometown" and her parents continue to live in the same house. The Bureau of Prisons' decision to place Tyree at a Residential Re-entry Center just a few miles from where he lured A.K. away

from her home—and where her parents still reside—inflicted much additional pain and suffering on this family. This was exacerbated by the failure to notify A.K. or her parents that Tyree was being transferred to Pittsburgh for release.[1] A.K. visited her parents in Pittsburgh over the Christmas holiday—completely unaware that her kidnapper and rapist was at a halfway house just a few miles away and may have been out searching for employment in the community.

This sudden, unexpected news has thrown A.K. and her family into a tailspin. A.K.'s hometown has been hijacked by her offender—and for no good reason. Tyree never lived in Pittsburgh. He has no family here. He has no job here. His only connection to Pittsburgh is that it is the place that he drove to abduct a "teenage sex slave"—and then was prosecuted here for doing so.

It may be the Bureau of Prisons' standard policy to release an inmate to the district in which he was prosecuted—but this is not a standard case. These are not standard facts. It will thankfully be a rare event that a person who abducts and sexually abuses a minor child is released from prison. In such an event, the victim of that crime is entitled "to be reasonably protected from the accused[,]" and "to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a).

A.K. respectfully petitions this Court to order that Tyree be transferred to a Residential Re-entry Center ("RRC") in another district—away from her childhood home where her parents still live, and away from her current residence. A search of the Bureau of Prisons website shows that there are at least three (3) other RRCs in the state of Pennsylvania—in Harrisburg, Scranton, and Philadelphia. There are four (4) RRCs in the Washington, D.C. Metropolitan area—where

---

[1] The U.S. Department of Justice maintains that it sent an email notification to A.K. through the Victim Notification System (VNS) in January 2018. However, both A.K. and her mother have stated that they did not receive such email notification and are unsure what email address may have been used to register for the VNS system, particularly considering that registration for the VNS would have occurred when A.K. was still a minor child. Exhs. 2-3.

the Defendant was living when he committed his crimes. *See*

https://www.bop.gov/PublicInfo/execute/rrc?todo=query&successPageRedirect=/locations/map.jsp.

### B. Tyree's Conduct Since Conviction and the Short Term of Supervised Release

Since Tyree's guilty plea and conviction, he has displayed a brazen disregard for the seriousness of his crime—which places A.K. in reasonable fear for her safety, the safety of her family, and the safety of the community.

First, Tyree petitioned to have the torture devices seized by the FBI returned to him. *See* Doc. No. 232, p. 7 (referencing Tyree's "efforts to re-acquire 'his dungeon equipment.'")  He moved to vacate the conditions of his supervised release prohibiting him from using the internet and from looking at pornography—standard conditions for anyone convicted of a child sex offense related to computer use. *See* Doc. No. 228.  Tyree then, through Counsel, requested that his criminal case file be sent to "his trusted friend." *See* Doc. No. 244.  By necessity, Tyree's case file includes information regarding A.K.

These matters are troubling to A.K. and her family.  Although A.K. has not seen the "psychiatric report submitted by the defendant to the Court" at the time of sentencing, she takes the United States Attorney's Office at its word that whatever is contained therein supports restrictive terms of supervised release in light of Tyree's "high risk of recidivism." Doc. No. 232, p. 7 and FN 2.

Despite Tyree's "high risk of recidivism," and his attempts to re-acquire his "dungeon equipment" that he used upon A.K., Tyree was sentenced to only three years of supervised release, in accordance with the laws applicable at that time.  The Probation Office's request that the Court impose a condition upon Tyree that he will have no contact with A.K. or her family, if

granted, will only protect A.K. and her family from Tyree for three years. Accordingly, A.K. requests that the Court permanently enjoin Tyree from directly or indirectly contacting her or any other member of her immediate family.

A permanent prohibition on contact with the victim and her family is especially appropriate if Tyree is to be released in Pennsylvania, and maintain residence within the state. In *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), the Pennsylvania Supreme Court invalidated the Sex Offender Registration and Notification Act as it related to individuals convicted of sex offenses prior to 2012—as Tyree was. As a result, Tyree will only be obligated to register as a sex offender for a period of ten (10) years. 42 Pa. C.S.A. § 9799.55; *see also Commonwealth v. Fernandez*, 195 A.3d 299, 311 (Pa. Super. Ct. 2018) (finding that sex offenders with convictions prior to 2012 "are instead subject to the original periods of sexual offender registration and conditions imposed at the time of their plea bargains, if applicable.")

A.K.'s right to be treated fairly and with respect for her dignity and privacy further requires that Tyree be ordered to reveal to A.K., through Counsel, the name of the individual(s) to whom his criminal case file information has been revealed, as indicated in his Motion at Doc. No. 244.

### C.     *Tyree's Criminal Case File*

A.K. also requests that her Counsel be permitted to view the entire criminal case file, including any documents currently impounded under seal and requests an opportunity to supplement her motion for relief as appropriate after seeing the information contained therein.

### D.     *Tyree's Upcoming Hearing on Modification of Conditions of Supervised Release*

Finally, A.K. requests the opportunity to be heard, through Counsel, at the hearing set for March 21, 2019, regarding the imposition of conditions of supervised release.

**III.    Conclusion**

The Crime Victims' Rights Act includes a provision demanding that "Officers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their **best efforts** to see that crime victims are notified of, **and accorded**, [their rights]." 18 U.S.C. § 3771(c)(1) (emphasis added).  In a case like this, "best efforts" to accord A.K. the right to be reasonably protected from the Defendant and the right to dignity and privacy means something more than standard government procedure.  A.K. should be free to conduct her life and to visit her parents without fear of running into the man who kept her chained to a floor because he was sent by a federal agency to re-establish his life after prison in her hometown.  For the reasons set forth herein, A.K. respectfully requests that the Court grant this motion and enter an order providing the reasonable relief requested.

Respectfully submitted,

s/Emily E. Town
Emily E. Town
PA Bar No. 309881

Rothman Gordon, P.C.
310 Grant Street
Third Floor, Grant Building
Pittsburgh, PA 15219

*Attorney for A.K.*