**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 02-19 |
| | ) | |
| SCOTT TYREE | ) | |

**SCOTT TYREE'S RESPONSE TO FIRST MOTION FOR RELIEF PURSUANT TO
CRIME VICTIMS' RIGHTS ACT, 18 U.S.C. § 3771**

Scott Tyree files through counsel his Response to First Motion for Relief Pursuant to Crime Victims' Rights Act, 18 U.S.C. § 3771 and states:

**I. Summary of Argument**

Petitioner's motion should be denied. Its multiple demands for relief are either not authorized under the Crime Victims' Rights Act, 18 U.S.C. § 3771, or are moot.

**II. Introduction**

1. Mr. Tyree was placed in a Residential Re-Entry Center (Renewal, Inc.) in Pittsburgh by the Bureau of Prisons on December 6, 2018. While there he is still considered to be in the custody of the Bureau of Prisons. He is due to be released from custody on April 6, 2019, when he begins his three-year term of supervised release.

2. In February of this year the Probation Office contacted Mr. Tyree with its proposed modifications to his supervised release terms. The purpose of the modifications was to have Mr. Tyree's supervised release terms, which were imposed seventeen years ago, conform with the Probation Office's current practice.

3. Counsel for Mr. Tyree, the Probation Office and the government conferred on the proposed modifications. Due to delays by Renewal in passing on counsel's messages to

      Mr. Tyree, the Probation Office had to file its Request for Show Cause Hearing (Doc. No. 257) on February 20, 2019 to meet its own deadlines.

4. Mr. Tyree consented to the proposed modifications on March 15, 2019. The Probation Office has filed at Doc. No. 266 its Request for Modifying the Conditions or Term of Supervision with Consent of the Offender on March 18, 2019 and in that pleading asked this Court to cancel the Show Cause hearing scheduled for March 21, 2019.

5. Meanwhile, Petitioner caused to be filed her Motion for Relief Pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 at Doc. No. 262. That motion demands multiple forms of relief that are not authorized under 18 U.S.C. § 3771.

6. This Court ordered the government and Mr. Tyree to respond.

### III. Argument

7. The Crime Victims' Rights Act delineates the following rights for victims:

   a. The right to be reasonably protected from the accused.
   b. The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
   c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
   d. The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.
   e. The reasonable right to confer with the attorney for the Government in the case.
   f. The right to full and timely restitution as provided in law.
   g. The right to proceedings free from unreasonable delay.
   h. The right to be treated with fairness and with respect for the victim's dignity and privacy.
   i. The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement.
   j. The right to be informed of the rights under this section and the services described in section 503(c) of the Victims' Rights and Restitution Act of 1990.

**A. This Court does not have the jurisdiction to grant Petitioner's first demand. Nor does the Crimes Victims' Rights Act empower this Court to do so.**

8. Petitioner's first demand is that this Court enter an order transferring Mr. Tyree to a Residential Re-Entry Center away from Pittsburgh, Pennsylvania or her current residence. Petitioner does not provide this Court with any authority under which this Court can enter such an order. The Bureau of Prisons is vested with authority under 18 U.S.C. § 3621(b) to determine the location of an inmate's imprisonment. *Miller v. Federal Bureau of Prisons*, 147 Fed.Appx. 302, 305, 2005 WL 2248797, at *2 (3rd Cir. 2005). In *Miller* the Third Circuit noted that 18 U.S.C. § 3621 gives the Bureau of Prisons full authority regarding prisoner placement. Indeed, *Miller* acknowledges that placing an inmate in a community confinement center like Renewal is within the Bureau of Prison's discretion. More to the point, this Court has no authority to direct that Mr. Tyree be moved. "Upon review of § 3621 it is clear that the authority to designate a place or location of imprisonment is within the sole discretion of the BOP, the court may make a recommendation during sentencing *but is without further jurisdiction*." *Hurt v. Federal Bureau of Prisons*, 323 F. Supp. 2d 1358, 1368 (M.D.Ga., 2003) (emphasis added). Nothing in the Crime Victims' Rights Act provides otherwise.

**B. This Court does not have the jurisdiction to grant Petitioner's second demand.**

9. Petitioner next demands that this Court permanently enjoin Mr. Tyree from any direct or indirect contact with her or any other member of her immediate family. While such restrictions are standard supervised release terms, this Court's jurisdiction over Mr. Tyree ends when his supervised release term expires. 18 U.S.C. § 3583. Title 18 U.S.C. §

3583(i) is a jurisdictional statute. Once a defendant's supervised release term expires, the sentencing court has no jurisdiction over him. *U.S. v. Merlino*, 785 F.3d 79 (3rd Cir. 2015). *See also U.S. v. Janvier*, 599 F.3d 264, 266 (2nd Cir. 2010) (noting a court's power to revoke a term of supervised release extends beyond the supervised release term only if before expiration a warrant or summons has been issued). Simply put, this Court cannot impose such a permanent restriction on Mr. Tyree as Petitioner demands. Nothing in the Crime Victims' Rights Act provides otherwise.

**C. This Court does not have the authority to grant Petitioner's third demand.**

10. Petitioner's next demand is that Mr. Tyree "reveal the name of the individual(s) to whom his criminal case file information has been revealed." The Crime Victims' Rights Act does not include this among the rights afforded crime victims. Mr. Tyree's file is his property. Once a legal document is placed in the client's file, it is the client who owns that document. *Maleski by Chronister v. Corporate Life Ins. Co.*, 163 Pa. Commonwealth 36, 641 A.2d I (Pa. Comm. 1994). Mr. Tyree's file is his property to do with as he sees fit. The Crime Victims' Rights Act does not authorize this kind of intrusion. And Petitioner's motion does not provide any other authority for this demand.

**D. The Crime Victims' Rights Act does not apply to Petitioner's Fourth Demand.**

11. Petitioner's next demand is "to view the entire criminal case file in this matter, including any documents currently impounded pursuant to the Orders at Doc. Nos. 254 and 241." The Crime Victims' Rights Act does not provide for this relief. The criminal file in this case includes Mr. Tyree's Presentence Investigation Report and other confidential materials. Local Criminal Rule 32.C.1. clearly states that a Presentence Investigation

4

Report is a confidential court document. It cannot be copied or disseminated without express permission or Order of this Court. The Presentence Investigation Report in this case contains Mr. Tyree's confidential information concerning his family, his health history, medical and psychiatric evaluations and other information personal to him. There is no compelling need for the Petitioner to obtain this information. Nor can she, her family or her attorney be trusted to keep such material secret. Mr. Tyree has remained silent about this case for over seventeen years. He has no plans to change. At all times, during the two years before he was convicted and for the entire seventeen years he has been in custody, Mr. Tyree has respected the secrecy and confidentiality that this case demands. He and counsel have rejected all attempts by the media to obtain interviews and access the file in this case. Petitioner and members of her family however, have made a career out of this incident and exploit the current drama with repeated appearances and statements in regular and social media by herself, her mother, her newly retained attorney and a Florida member of Congress. For that matter, the Florida member of Congress has attempted to obtain Mr. Tyree's confidential file from the Bureau of Prisons. Petitioner is not entitled to what she demands under the Crime Victims' Rights Act.

**E. The Crime Victims' Rights Act does not provide for Petitioner's Fifth Demand.**

12. Petitioner's fifth demand is vague, seeking to supplement her motion once she reviews the file in this case. The Crime Victims' Rights Act is specific in the rights afforded to Petitioner. It does not provide for vague future demands.

**F. Petitioner's Sixth Demand is moot.**

13. The sole purpose of the hearing originally scheduled for May 21, 2019 in this case was to modify Mr. Tyree's terms of supervised release. He has already agreed to those terms and the Probation Office filed with this Court at Doc. No. 266 its petition requesting this Court cancel that hearing.

### IV. Conclusion

There is no need for a hearing on March 21, 2019. Its sole purpose was to modify the terms of Mr. Tyree's supervised release. The Probation Office is satisfied. The government is satisfied. Mr. Tyree is satisfied. Petitioner does not ask for anything for which she is entitled under the Crime Victims' Rights Act. There is nothing left for this Court to do.

Respectfully submitted,

/s/ R. Damien Schorr
R. Damien Schorr
Pa. Id. No. 62928
Counsel for Scott Tyree

Dated: March 19, 2019