IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 02-19 |
| | ) | |
| SCOTT TYREE | ) | |

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR RELIEF PURSUANT TO THE CRIME VICTIMS' RIGHTS ACT

AND NOW, comes the United States of America, by its attorneys Scott W. Brady, United States Attorney and Tina O. Miller, Deputy United States Attorney, and hereby files the following response to Petitioner's Motion for Relief Pursuant to the Crime Victims' Rights Act.

1. Petitioner has filed a motion purporting to seek certain relief under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771.

2. The United States takes its obligations under the CVRA seriously, and has complied with all of its obligations under the CVRA in this matter.

3. The terms of supervised release which have been proposed by the United States Probation Office address the safety of the victim, the safety of the community, and include significant limitations on the Defendant's liberty so that he can be closely

1

monitored during the time he is on supervised release, while providing him with the needed opportunity to obtain "educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).  The terms of Defendant's supervision also include standard conditions approved by this Court for monitoring sex offenders.  These standard conditions are in accord with §3583.

4. It is important to note that terms of supervised release, beyond the mandatory statutory provisions, must be tailored to the specific offense and offender, and must be a) reasonably related to the relevant § 3553(a) factors, and b) involve "no greater deprivation of liberty than is reasonably necessary to deter future criminal conduct, protect the public and rehabilitate the defendant." *United States v. Volker*, 489 F.3d 139 at 143 (3d Cir. 2007)(quotations and citations omitted). The modified conditions of Defendant's supervised release satisfy these requirements and have been agreed to by the government and the Defendant.

5. Petitioner's request that the Court enter an order

2

transferring Defendant to a residential re-entry center outside of Pittsburgh should be denied. The Defendant is in BOP custody. This Court has no authority to order the BOP to place a prisoner in a particular location. The actual placement of the prisoner is a matter within the discretion of the Bureau of Prisons. 18 U.S.C. § 3621(b). See also *United States v. Shipley*, 286 F. Supp. 2d 499, 500 (W.D. Pa. 2003) (citing 18 U.S.C. 3621(b)). Furthermore, the victim lacks standing to make this request.

6. Petitioner also requests that the Court order the Defendant to serve his supervised release period in a district other than the Western District of Pennsylvania. Petitioner cites no legal authority for this request.

7. Petitioner lacks standing to make this request.

8. Furthermore, Petitioner's request is in clear contravention of the plain language of 18 U.S.C. § 3605 **which requires any transfer of supervision to be made only with the concurrence of the transferee court**. As there is no transferee court currently willing to accept jurisdiction and supervision over

3

the Defendant, no transfer can be made at this time. The policy reasons for the concurrence requirement are obvious: courts cannot and should not be able to dump unwanted supervisees on other districts, especially if the other district is not in the best position to supervise a particular defendant. Public safety and good sense dictate that a transferee district be not only consulted with, but the transferee district must indicate the capacity and willingness to supervise a transferred defendant before a transfer is made.

9. Petitioner requests this Court permanently enjoin the Defendant from directly or indirectly contacting her or her family. Under the agreed-upon terms of Defendant's supervised release, Defendant is precluded from having direct, indirect and third party contact with the victim and her immediate family. This is a very broad no-contact provision. The Petitioner cites no authority for the proposition that a judge in a federal criminal case can enter a permanent no-contact injunction against a defendant beyond the actual term of supervised release. See generally *United States v. Cole*, 567 F.3d 110, 118 (3d Cir.

4

2009) ("[T]he District Court's tolling of supervised release inevitably affects Cole's substantial rights, because it unlawfully extends the time that the supervised release conditions apply to him beyond the three years of his sentence."].

10. Petitioner asks for an order requiring the Defendant to reveal the name of the individual(s) to whom his criminal case file information has been revealed. The government is aware of no authority which would allow the Court to order this type of relief to the victim in this case.

11. Petitioner also asks for permission to "view the entire criminal case file in this matter…" (Petitioner's Motion, ¶ 4) The government is aware of no authority which would allow the Court to order this type of relief to the victim in this case.

12. Petitioner's complaint that she did not receive notice of Defendant's release to a halfway house is without merit. Although she requests no specific relief relative to this issue, the United States would note the victim was notified through the Victim Notification System (VNS) of Tyree's release.

13. The VNS was developed to provide case information

5

to victims via automated letters and/or emails since 2001. Registrants are provided with login information to access VNS through a secure website or Call Center.  The initial VNS notice is usually sent by both letter and email, as long as a valid postal mailing address and email address were available.  The victim is provided with steps to register their email address to provide the most timely method of notification and cease receiving letters in the mail.  If the victim does not register their email address, s/he will continue to receive mailed letters.  Notifications are sent to victims regarding the status of the investigation, the filing of criminal charges, custody status of the defendant, any public court hearings, outcome of the charges, and the sentence imposed by the court.  If the defendant is in Bureau of Prisons custody, the custody location and scheduled release date and any changes to that information are also sent to the victim.  Through the VNS website, victims have access the above information as well as documents and links that maybe useful resources to the victim, and access to update their contact information or opt-out from

6

receiving VNS notices.  The VNS Call Center provides an additional method for victims to retrieve case status, custody, and upcoming event information or update their contact preferences.  Naturally, victims are notified that it is their responsibility to keep their information in VNS current in order to continue to receive notifications and to provide any changes through the VNS website, call center, or by contacting their assigned DOJ Victim/Witness personnel.

14.  In the case of Scott Tyree, the victim was a minor at the time of the case initiation and the victim's mother was identified as the appropriate representative to assume the victim's rights under the Crime Victims' Rights Act.  The mother was therefore designated the main contact to receive VNS notices.  According to VNS records, the mother registered her email address in VNS, selecting to receive notifications via email rather than letter.  VNS records show that notifications were made by BOP on January 6, 2004 regarding Tyree's initial BOP designation and projected release date of April 6, 2019, then on January 19, 2018 another notification was sent stating the following: "This

7

notice is to inform you that SCOTT TYREE has been approved for placement in a Community Corrections Center (CCC), otherwise known as a halfway house, and will transfer from this institution on December 5, 2018. After the transfer, the inmate will be located at Renewal Inc. in Pittsburgh, Pennsylvania. In addition to the information provided regarding this offender's CCC transfer, the following information is relevant to the inmate's eventual release. The inmate is scheduled to release on April 6, 2019. The inmate is not eligible for parole. Upon release, the inmate will reside in Pittsburgh, Pennsylvania, and will be supervised by the United States Probation Office at USPO - Western District of Pennsylvania - Pittsburgh, Suite 1100, 411 Seventh Avenue, Pittsburgh, Pennsylvania 15219-5219."

15. Approved VNS notifications are sent to the verified email address on file and are available to access through the VNS website and Call Center.

16. It is important to further note that all of the information regarding Defendant's custody status, location and release status is publicly available. At any time over the last 17 years, the victim and

her family, as well as the general public, could learn Defendant's location through the BOP's public website. Throughout the time Defendant has been in custody, his status (including his projected release date) has been posted on the BOP's public website:



## SCOTT TYREE

Register Number: 45380-083

Age:    55
Race:   White
Sex:    Male

Located at: Pittsburgh RRM

Release Date: 04/06/2019

https://www.bop.gov/inmateloc/

WHEREFORE, the government requests that the Petition be denied.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

s/Tina O. Miller
TINA O. MILLER
Deputy United States Attorney
tina.miller@usdoj.gov
PA ID No. 71101

9