IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      vs.                                          Criminal No. 02-0019

SCOTT TYREE,
                    Defendant.


**ORDER OF COURT**

AND NOW, this 22nd day of March, 2019, after careful consideration of the oral arguments made during the Hearing held on March 21, 2019, relating to the Probation Officer's Request for Show Cause Hearing for Modification of the Conditions or Term of Supervision (ECF 259), and Petitioner's Motion for Relief Pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 (ECF 262), the Court ORDERS as follows,:

1.      The Order entered at ECF 272 was entered in error and is hereby withdrawn.

2.      Counsel for the Government, counsel for Defendant, and counsel for the Victim and the Victim's Family, shall meet in an attempt to reach an agreement on what, if any, further modifications to Defendant's supervised release conditions should be made.

3.      Counsel for the Government, counsel for Defendant, and counsel for the Victim and the Victim's Family, shall also meet in an attempt to reach an agreement on what docket entries from the original Court Clerk file shall be permanently sealed.

4.      Counsel for the Government, counsel for Defendant, and counsel for the Victim and the Victim's Family, shall meet in an attempt to reach an agreement on what items, if any, may not be returned to Defendant as part of the file currently in Defendant's counsel's

possession.  Counsel for the Government must be included in this discussion as the Protective

Order previously entered by Judge Standish may play a role in the decision-making.  See ECF

129 and the Court Order immediately following ECF 129, dated 5/13/2003.  Notably, this Court

entered an Order (ECF 254) on October 25, 2016, granting Defendant's request that Defendant's

counsel's file be turned over to Defendant.  During the hearing on March 21, 2019, counsel for

the Victim raised an objection to any videos, photographs, or other images being returned to

Defendant in the file.  The Court further learned that despite its October 25, 2016 Order (ECF

254), Defendant's counsel wisely withheld the file from Defendant, wanting to ensure

Defendant's compliance with all terms of his imprisonment and release, and further assured the

Court during the March 21, 2019 hearing, that he will continue to withhold the entire file from

Defendant until the end of Defendant's supervised release period, which will expire in three

years.  In the interim, the Court granted counsel for the Victim permission to file a Motion for

Reconsideration, or a Motion to Amend, the prior Court Order entered at ECF 254 on October

25, 2016.

5.     The Court further ORDERS that by NOON on MARCH 27, 2019:

a.     The Office of Probation for the United States District Court for the

Western District of Pennsylvania shall file a status report informing the Court whether

Defendant can be supervised out of any of the 92 remaining districts in the United States

of America (the victim lives one of the 94 districts and her parents live in the Western

District of Pennsylvania, thereby reducing the number of potential districts from 94 to

92).  If there is no other district in the United States to which Defendant's supervised

release can be transferred, then the status report needs to inform the Court whether

Defendant can be supervised out of the Erie Division (as opposed to the Pittsburgh

2

Division) for the Western District of Pennsylvania.   Simply stated, Defendant should be supervised elsewhere for his own benefit, as well as that of the Victim and the Victim's parents. (Counsel for the Parties and the Victim agree that the current and proposed future location for Defendant's supervision is approximately four miles from the Victim's parents.)

        b.      Counsel for the Government shall file a Status Report as to what docket entries from the original Court Clerk file can be permanently sealed.

6.      The Court further orders counsel for the Government, counsel for Defendant, counsel for the Victim and the Victim's Family, and Defendant to attend a continuation of the March 21, 2019 hearing on March 27, 2019 at 1:00 p.m. in Courtroom 7C.

7.      Counsel for the Government is further ordered to contact counsel for the Federal Bureau of Prisons to have a representative from the Federal Bureau of Prisons attend the hearing on March 27, 2019 to explain:

        a.      The process(es), procedure(s) and/or protocol(s) followed by the Federal Bureau of Prisons when determining where defendants are to be re-admitted into society, especially in cases where the Crime Victims' Rights Act, 18 U.S.C. § 3771, is implicated (including notification requirements); and

        b.      In this case in particular, why Defendant was sent to the Western District of Pennsylvania, Pittsburgh Division,[1] and what, if any, corrective action was taken, or

---

[1] Defendant pled guilty to Count Two (travel with intent to engage in a sexual act with a minor) and Count Four (sexual exploitation of a minor), and was sentenced on September 26, 2003 by retired United States District Court Judge William L. Standish (deceased) to 235 months imprisonment (consisting of 180 months at Count Two, and 235 months at Count Four, which ran concurrently), to be followed three years of supervised release.  In handing down this sentence, Judge Standish recommended to the Federal

can be taken, in light of the reported requests of various members of the United States

Congress.  (The Court notes that Defendant has no ties to the Western District of

Pennsylvania except that his criminal case was prosecuted here; and importantly,

Defendant was a resident of the Commonwealth of Virginia at the time he committed the

offenses, and he was incarcerated in State of North Carolina for approximately the last

15 years.)

SO ORDERED, this 22nd day of March, 2019.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge


cc:      All counsel of record

---

Bureau of Prisons that Defendant be placed in a prison facility where he could participate in a treatment
program for sex offenders.  The Federal Bureau of Prisons placed Defendant in a federal correctional
institution in Butner, North Carolina.  On or about December 4, 2018, the Federal Bureau of Prisons
transferred Defendant from his place of incarceration in North Carolina to Pittsburgh, Pennsylvania, so
that Defendant could be placed in a Residential Reentry Management ("RRM") program.  In order to
participate in the program, Defendant has been housed in a place colloquially known as "Renewal,"
located approximately four miles from the Victim's parents.  The RRM program in which Defendant is
currently participating falls under the jurisdiction of the Federal Bureau of Prisons.  Defendant is
scheduled to be released from this RRM program on April 6, 2019, thereby concluding his term of
imprisonment.  Thus, on or about April 6, 2019, the Federal Bureau of Prisons will transfer its jurisdiction
over Defendant to the United States Probation Office for the Western District of Pennsylvania.  At that
time, Defendant will begin to serve his three-year term of supervised release.