IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    vs.                                          Criminal No. 02-0019

SCOTT TYREE,
            Defendant.

**MEMORANDUM ORDER RE MOTION FOR RECUSAL PURSUANT TO 28 U.S.C.
§ 455(a) WITH POINTS AND AUTHORITIES IN SUPPORT (ECF 295)**

Pending is Defendant's Motion for Recusal Pursuant to 28 U.S.C. § 445(a) ("Defendant's Motion for Recusal"). (ECF 295). Defendant's Motion for Recusal is without merit in fact and law. For the following reasons, the Court finds that a reasonable person, with knowledge of all the facts, would not conclude that this Court's impartiality might reasonably be questioned. Therefore, Defendant's Motion for Recusal (ECF 295) will be DENIED.

28 U.S.C. § 445(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id*. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In Re Kensington Intern Ltd*, 353 F.3d 211, 220 (3d Cir. 2003) (citing *Edelstein v. Wilentz*, 812 F.2d 128 (3d Cir. 1987)).

The arguments in support of Defendant's Motion for Recusal are that this Court is allegedly:

> (1) conducting hearings when there is no dispute between the parties, (2) permitting a non-party with no standing to negotiate changes to a sentence imposed decades ago, (3) directing an attorney to violate rules of professional conduct, (4) refusing to recognize a glaring conflict of interest inherent when a recent law clerk is representing a vocal non-party demanding relief it is not entitled to, (5) calling members of the executive branch (the Bureau of Prisons) into Court to explain their

actions, and (6) in the hearings conducted to date seeming more concerned with how and when it can order an offender banished from this district rather than its statutory directive to ensure he is on the path to rehabilitation all combine to call its impartiality into doubt.

(*Id.*, ¶ 11).

1. **PRIOR TERM LAW CLERK**. Defendant continues to complain that because the Victim's *pro bono* attorney was a former term law clerk for this Court (who ceased employment with this Court about 5 months prior to entering her appearance as counsel of record for Victim), this Court should recuse itself.

    Defendant's motion to recuse fails to acknowledge that while serving as a law clerk for this Court, the Victim's counsel never worked on this case, that for all intents was a closed case (the Court, with the assistance of his Deputy Clerk, handled one motion filed by Defendant in 2016 at ECF 244; counsel for Victim, while serving as a term clerk, did not assist the Court with the handling of the motion).

    As stated in Advisory Opinion 109: "We assume that a former clerk must refrain from working on all cases in which he or she participated during the clerkship, and may be required by the judge, by court rule, or by attorney ethical rules to refrain from work on cases pending before the judge even if the law clerk had no personal involvement in them." *See* Advisory Opinion No. 109, Committee on Codes of Conduct, Judicial Conference of the United States (https://www.uscourts.gov/rules-policies/judiciary-policies/ethics-policies/published-advisory-opinions) (last checked April 2, 2019); s*ee also* ECF No. 281.

    Neither this Court, the Local Rules for the United States District Court for the Western District of Pennsylvania, nor the Pennsylvania Rules of Professional Conduct,

have in place a rule that prohibits a former law clerk from working on a case that was pending before their former employer where the law clerk had no personal involvement in the case.

2. **STANDING OF THE VICTIM AND VICTIM'S FAMILY**. Defendant relentlessly continues his misguided argument that, because the Victim and her family are not parties, they lack standing/have no rights under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. The express language of the CVRA, as well as its legislative history, is to the contrary. *Id.*; ECF 294 at 13-18. *See also U.S. v. Turner*, 367 F. Supp.2d 319, 323, 331 (E.D.N.Y. 2005). Further, there is no basis to recuse on the premise of legal rulings (which, by the way, have not finally been made). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *U.S. v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

During the March 27, 2019 hearing, Defendant, through his counsel, actually told all present, including the Victim's parents, "[a]t some point, people have to let go of this matter." (ECF 292 at 34). However, the Crime Victims' Rights Act does not contain such a directive to the Victim nor her parents.

3. **NO ROLE FOR THE DISTRICT COURT – RUBBER STAMP**. Not only does Defendant refuse to acknowledge the rights of the Victim under the CVRA, Defendant

3

refuses to acknowledge the role of the District Court, even when the Government and Defendant agree to the conditions of a defendant's supervised release. This is manifested in Defendant's continued misdirected complaint that this Court did not cancel the show cause hearing once the Government and Defendant agreed to certain modifications of Defendant's conditions of supervised release. The U.S. Probation Office is under the jurisdiction of the federal judiciary, not the executive branch and not Defendant. A Request for Modifying the Conditions of Term of Supervision, with or without the consent of the offender, and regardless of any agreement between the parties, requires the signature (and consent) of a district court judge. In light of Petitioner's -Victim's Motion for Relief Pursuant to the CVRA, 18 U.S.C. § 3771, ECF 262, the Court most appropriately opined that Petitioner was entitled, pursuant to 18 U.S.C. § 3771(a)(4), to be heard at the hearing, her words (as well as all parties) were considered by the District Court, and therefore, the hearing was held.

4. **DIRECTING DEFENSE COUNSEL TO VIOLATE RULES OF PROFESSIONAL CONDUCT.** Defense counsel contends that this Court's Order (ECF 273) requesting him to discuss with Counsel for the Victim the Defendant's file (in particular, Victim's personal information and/or contraband) in defense counsel's possession, caused defense counsel to violate the Pennsylvania Rules of Professional Conduct. This issue only arose because of Defendant's request to receive a copy of his attorney's file. *See* ECF 244. The Court's Order dated March 22, 2019 (ECF 273) stated that counsel for the Government, Defendant, and the Victim "shall meet in an attempt to reach an agreement on what items, if any, may not be returned to Defendant as part of the file currently in defense counsel's possession." Stated in these general terms, the Court opined defense counsel

4

could comply with the Order without violating any rules of professional conduct. *See also* Transcript March 21, 2019 Hearing ("I'm not ordering you to turn your file over to somebody else to review.  I am saying that I think it is in everybody's interest for you all to work together and narrow your differences, maybe completely, by chatting so that we can be very specific as to what is sealed permanently in the clerk's office file and what defense counsel agrees will not be turned over to defendant three years from now.  I have great confidence in defense counsel.  I think that everyone is better if we have a specific order that says what you can turn over and what you can't turn over.  I think it's in defendant's interest to make sure that he does not come into possession of something that he shouldn't have possession of.") (ECF 291 at 34).

5. **18 U.S.C. § 3553(a) FACTORS AS THEY PERTAIN TO DEFENDANT**.  Defense counsel contends that, at the hearings, the Court has failed to demonstrate any interest in application of the 18 U.S.C. § 3553(a) factors as they pertain to Defendant.  First, it is not the Court's duty to advocate on behalf of Defendant.  That is defense counsel's role and to date, at both of the fact-gathering hearings, he has performed his advocacy role well.  The transcripts of the hearings from March 21, 2019 and March 27, 2019 are replete with defense counsel arguing why Defendant should be able to remain within the Western District of Pennsylvania based upon application of the 18 U.S.C. § 3553(a) factors.[1] Further, at no time did the Court limit defense counsel's ability to advocate for his client in support of Defendant's position for staying in the Western District of Pennsylvania.  Indeed, to the contrary, the Court made sure that defense counsel was able to make any

---

[1] *See, for example*, March 21, 2019 Transcript at 24-25 (ECF 291 at 24-25) and March 27, 2019 Transcript at 32-34 (ECF 292 at 32-34).

and all arguments in support of Defendant.[2] And again, while the Court has gathered information and heard argument with respect to the rights of both Defendant and Victim, because of the parties' filings with the United States Court of Appeals for the Third Circuit, a final hearing was not able to be held on April 2, 2019. Therefore, application of the Section 3553(a) factors in this matter and a final ruling has not yet come to fruition.

6. *CALLING MEMBERS OF THE EXECUTIVE BRANCH (THE BUREAU OF PRISONS) INTO COURT TO EXPLAIN THEIR ACTIONS*. Defendant critiques this Court for seeking the assistance/counsel of the Bureau of Prisons in making an informed decision in the underlying matter in which the Bureau of Prisons was a decision-maker.[3] It is difficult to comprehend how the Court's attempt to educate itself in order to make an informed decision calls the Court's impartiality into doubt. Further, based upon the presentation on the Bureau of Prisons, and the Court's legal research, the Court eventually agreed with the position of the Government and Defendant that the Court lacked jurisdiction over the Federal Bureau of Prisons. *See* ECF 294 at 23. However, since the Federal Bureau of Prison's location decision

---

[2] *See, for example*, March 21, 2019 Transcript ("The Court: Anything else you'd like to say? Mr. Schorr: No, Your Honor. The Court: Thank you for your representation") (ECF No. 291 at 38); March 27, 2019 Transcript (The Court: Anything else on behalf of the government? …. The Court: Defendant? Mr. Schorr: Nothing, Your Honor."). (ECF 292 at 37); *id.* at 40 (The Court: . . . Anything else on behalf of the government? …. The Court: Defendant[?] Mr. Schorr: No, Your Honor.").

[3] Counsel for the Government was ordered to have a representative from the Federal Bureau of Prisons attend the hearing on March 27, 2019 to explain:
a. The process(es), procedure(s) and/or protocol(s) followed by the Federal Bureau of Prisons when determining where defendants are to be re-admitted into society, especially in cases where the Crime Victims' Rights Act, 18 U.S.C. § 3771, is implicated (including notification requirements); and
b. In this case in particular, why Defendant was sent to the Western District of Pennsylvania, Pittsburgh Division, and what, if any, corrective action was taken, or can be taken, in light of the reported requests of various members of the United States Congress. (The Court notes that Defendant has no ties to the Western District of Pennsylvania except that his criminal case was prosecuted here; and importantly, Defendant was a resident of the Commonwealth of Virginia at the time he committed the offenses, and he was incarcerated in State of North Carolina for approximately the last 15 years.)

(ECF 273, ¶ 7) (footnote omitted).

created the current location issue for the supervised release, such inquiry by this Court was wise and proper. Finally, to the extent Defendant contends that any of the Court's actions are unusual, as the Court has already stated, "this case presents a unique set of facts which create a case of first impression for this Court." *See* ECF 294 at 13.

All remaining arguments raised by Defendant more properly belong in an appeal of a final order related to Petitioner-Victim's Motion for Relief pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 (ECF 262) and/or Request for a Show Cause Hearing for Modification of the Conditions or Term of Supervision filed by the U.S. Probation Office for the Western District of Pennsylvania (ECF 257, ECF 22), both which remain pending at this time.

For all the above referenced reasons, Defendant's Motion for Recusal Pursuant to 28 U.S.C. § 445(a) (ECF 295) is DENIED.

                                                  SO ORDERED, this 2nd day of April, 2019.

                                                  s/ Arthur J. Schwab
                                                  Arthur J. Schwab
                                                  United States District Court Judge

cc:     All ECF Registered Counsel of Record