PROB 12B
(PAWP 4/16)

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF PENNSYLVANIA

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

| | | |
|---|---|---|
| Offender: | Scott Tyree | Docket No.:2:02CR00019 |
| Sentencing Judge: | William L. Standish, Senior United States District Judge | |
| Current Judge: | Arthur J. Schwab, Senior United States District Judge | |
| Date of Original Sentence: | September 26, 2003 | |
| Original Offense: | Count 2) 18 U.S.C. §2423 (b) Travel with Intent to Engage in a Sexual Act with a Juvenile. | |
| | Count 4) 18 U.S.C. §2251(a) Sexual Exploitation of a Minor. | |
| Original Sentence: | 235 months of imprisonment; 36 months of supervised release at both counts to run concurrently. | |
| Special conditions: | Substance Abuse Testing, Financial Disclosure, Mental Health Treatment, Sex Offender Treatment, No New Debt/Credit, Sex Offender Registration, Special Assessment, Restitution - Money, No Contact with Minors, Computer/Internet Restrictions, Forfeiture, Financial Address Change to AUSA, Drug Treatment, Polygraph Examination, No Possession of Child Pornographic Materials, No Possession of Pornographic Materials | |
| Type of Supervision: | Supervised Release | Date Supervision Commenced: 4/6/2019 |
| Prior Court History: | 02/21/2019: Order; Show Cause Hearing to Modify Conditions of Supervised Release: Scheduled for March 21, 2019. | |

### PETITIONING THE COURT

The offender has not complied with the following condition(s) of supervision:

☐ To extend the term of supervision for __ years, for a total term of __ years.
☒ Other: To cancel the Show Cause hearing to modify conditions of supervised release, which is scheduled for March 21, 2019.
☒ To modify the conditions of supervision as follows:

The defendant shall be placed at Renewal, Inc. for a period of up to 180 days. While at Renewal, the offender shall participate in any treatment or workforce development programs as directed and shall abide by all rules of the facility. The offender's subsistence fee is waived.

The defendant shall participate in a mental health assessment and/or treatment program approved by the probation officer, until such time as the defendant is released from the program by the Court. The defendant shall be required to contribute to the costs of services in an amount determined by the Probation Office. These costs shall not exceed the actual cost of the service. The Probation Office is authorized to release the defendant's presentence report to the treatment provider if so requested.

The defendant shall participate in a sex offender treatment program, approved by the probation officer, until such time as the defendant is released from the program by the Court. The defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing; said testing shall continue throughout the term of supervision in order to monitor and ensure compliance with the conditions of supervision. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer, but not to exceed the actual cost. The Probation Office is authorized to release the defendant's presentence report to the treatment provider if so requested.

Offender: Scott Tyree
Docket No.:2:02CR00019
Page 2

With the exception of brief, unanticipated and incidental contacts, to include the defendant's place of employment and/or volunteer activity, the defendant shall not associate with children under the age of 18, except in the presence of an adult who is aware of the nature of the defendant's history, characteristic and/or conviction(s) and has been approved by the probation officer.

The defendant shall not frequent and/or loiter within 500 feet of places where children congregate on a regular basis, such as, but not limited to, schools; playgrounds; children's toy and/or clothing stores; video arcades; daycare centers; swimming pools; zoos; amusement parks, or other places primarily used or that can reasonably be expected to be used by children under the age of 18, without prior permission of the probation officer.

The defendant shall not photograph and/or videotape any children under the age of 18 without the written consent of their parent or legal guardian who is aware of the nature of the defendant's history, characteristics and/or convictions(s) and has been approved by the probation officer.

The defendant shall not possess or access with intent to view any materials, including pictures, photographs, books, writings drawings, videos, or video games depicting and/or describing child pornography as defined at 18 U.S.C. § 2256(8), or obscene visual representations of the sexual abuse of children as defined at 18 U.S.C. § 1466A.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the probation officer.

The defendant shall not enter into a rental agreement and/or purchase computers, cell phones, or electronic communication or data storage devices without the consent of the probation officer. Furthermore, the defendant shall not make excessive and/or unexplained purchases of items ordinarily related to children under the age of 18, without approval of the probation officer.

The defendant shall submit his person, property, house, residence, vehicle, papers, business or place of employment, to a search, conducted by a United States Probation or Pretrial Services Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

The defendant must live at a place approved by the probation officer. If he plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 48 hours of becoming aware of the change or expected change.
The defendant shall not have direct or indirect contact with the victim in the instant federal offense or any other member of the immediate family to include, but not limited to her children, spouse, parents or other persons restricted by the probation officer. This includes all forms of contact (i.e. telephonic, electronic text, social media, email, verbal, and physical). No contact shall be initiated through third parties.

Once released from the residential re-entry center, to a viable home plan, the defendant shall be placed on curfew for a period of 180 days, to commence as soon as arrangements can be made by the Probation Office. The defendant shall abide by all technology requirements. The location monitoring technology requirement shall be Global Positioning System (GPS). The defendant is restricted to their residence every day from 8:00pm to 8:00am, or as directed by the supervising probation officer. During this time, the defendant shall comply with the rules of the location monitoring program and may be required to maintain a landline telephone, without special features, at the defendant's place of residence. The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and probation officer, but not to exceed the daily contractual rate.

The defendant shall not purchase, possess, or use a computer, a cell phone with internet access, or other electronic devices capable of storing, recording or replaying electronic media or data files, at any location, including his place of employment or education without permission of the probation office. Furthermore, the defendant shall not access any internet service provider, bulletin board system or any other public or private computer network or service at any location. The defendant shall consent to periodic inspection by the probation or pretrial services officer of any cell phone possessed by the offender to ensure compliance with this condition. The defendant also shall abide by the provisions of the Computer Restrictions and Monitoring Program approved by the Court. This condition shall remain in effect until computer and internet use is recommended by his mental health/sex offender treatment provider

Offender: Scott Tyree
Docket No.:2:02CR00019
Page 3

and approved by the probation officer. Once the defendant is granted computer and internet access, he shall be subject to the following conditions:

The defendant is permitted to possess or use a computer and is allowed access to the Internet. However, the defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The defendant shall consent to the installation of any hardware or software to monitor any computer, or other electronic communication or data storage devices used by the defendant to confirm compliance with this condition. The defendant shall pay the monitoring costs as directed by the probation or pretrial services officer. Furthermore, the defendant shall consent to periodic unannounced examinations by the probation or pretrial services officer of any computers, cell phones, or other electronic communication or data storage devices that the defendant has access to, to confirm compliance with this condition. Additionally, the defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the probation or pretrial services officer, based upon reasonable suspicion of a violation of the conditions imposed in this case, or based upon reasonable suspicion of unlawful conduct by the defendant. Failure to submit to the monitoring or search of computers and other electronic communication or data storage devices used by the defendant may be grounds for revocation.

If the defendant's employment requires the use of a computer, the defendant may use a computer in connection with the employment approved by the probation or pretrial services officer, provided the defendant notifies their employer of the nature of the conviction or charge. The probation or pretrial services officer shall confirm compliance with this notification requirement.

The defendant shall provide the U.S. Probation Office with accurate information about the defendant's entire computer system (hardware or software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s). The defendant also shall abide by the provisions of the Computer Restrictions and Monitoring Program approved by the Court.

## CAUSE

The defendant is scheduled to be released from the custody of the Bureau of Prisons on April 6, 2019. As of the date of this filing, the defendant does not have a viable home plan. Placing the defendant at a residential re-entry center for up to six months will allow him to continue to seek employment and housing.

Additionally, based on the nature and circumstances of the offense, the imposition of a location monitoring condition for six months would allow the probation office to mitigate risks to the community and allow for the gradual re-entry into society by monitoring his location.

Furthermore, the Court for the Western District of Pennsylvania has approved changes/updates in the sex offender, treatment and computer monitoring conditions which have been incorporated in this petition to aid in the rehabilitation of the offender, to protect children, and to deter future criminal activity. The defendant signed the attached Waiver of Hearing to Modify Conditions of Supervised Release, agreeing to the modifications as noted above.

Since the defendant has agreed to the aforementioned conditions, which was the subject of the show cause hearing on March 21, 2019, the Probation Office respectfully recommends that the hearing be canceled.

Offender: Scott Tyree
Docket No.:2:02CR00019
Page 4

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

By: _____
Michael Howard
2019.03.18
13:27:58 -04'00'

Michael Howard
U.S. Probation Officer Specialist

Approved By: _____
Marcus J. White
2019.03.18
12:31:14 -04'00'

Marcus White
Supervisory U.S. Probation Officer
Date: 3/18/2019

**THE COURT ORDERS:**

☐ No Action
☐ The extension of supervision as noted above.
☒ The Modification of conditions as noted above
☐ Other: To cancel the Show Cause hearing to modify conditions of supervised release, which is scheduled for March 21, 2019.

*As to Other - This last relief is moot at this stage.*

_____
/s/ Barry Fischer, D.J.
~~Arthur J. Schwab, Senior United States District Judge~~
April 3, 2019
Date