IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.                                                                    2:02-cr-00019-NBF

SCOTT TYREE,
    Defendant.

**MEMORANDUM IN SUPPORT OF PETITIONER'S REQUEST FOR ADDITIONAL HEARING ON HER MOTION FOR RELIEF PURSUANT TO THE CRIME VICTIMS' RIGHTS ACT, 18 U.S.C. § 3771**

    Minor Victim A.K., through undersigned counsel, seeks relief from this Court pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771, as outlined in her motion for relief, Doc. No. 262, and respectfully requests that the Court reschedule the previously set April 2, 2019 hearing to conclude the hearing on this matter previously commenced before the Honorable Arthur J. Schwab on March 21, 2017.  Before the hearing was able to be concluded, the United States Court of Appeals for the Third Circuit stayed the second continuation of the hearing set for April 2, 2019.  Doc. No. 302.  Due to such stay, the Petitioner Minor Victim, A.K., was not able to be "reasonably heard" through a statement intended to be presented by her mother.[1]  Further, Minor Victim A.K. now wishes herself to be present at the conclusion of the hearing on this matter so that she may provide a statement to the Court in addition to her mother's planned statement.

---

[1] At the outset of the first hearing on March 21, 2019, Victim's Counsel reserved the argument that the Minor Victim's parents are also victims of this crime as defined by 18 U.S.C. § 3771(e)(2)(A) ("The term "crime victim" means a person directly and proximately harmed as a result of the commission of a Federal offense[;]" or by § 3771(e)(2)(B) (providing for family members to have standing to assert crime victims' rights in the event that a crime victim is under the age of 18 years).  Although the Minor Victim is now over the age of 18, she was 13 years old at the time of the crime.

**I.    Legal Basis for Relief**

The Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"), provides that a crime victim has, *inter alia*, "[t]he right to be reasonably protected from the accused[;]" "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding;" and "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a). A crime victim may assert her rights under the CVRA by petitioning the "district court in which a defendant is being prosecuted for the crime[.]" 18 U.S.C. § 3771(d)(3).

**II.    The Hearing of this Matter Should be Continued, and Concluded, as Intended**

Minor Victim A.K. filed her motion for relief at this case number following a request by the United States Probation Office for a hearing to modify the terms and conditions of Defendant's term of Supervised Release. Doc. Nos. 257 and 262. The CVRA provides a victim "the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a). A hearing on the Probation Office's request to modify the terms and conditions of Supervised Release and on Minor Victim A.K.'s motion was commenced on March 21, 2019. Doc. No. 270. The hearing was continued on March 27, 2019. Doc. No. 285. However, although the hearing was set to continue on April 2, 2019, an intervening stay by the United States Court of Appeals for the Third Circuit, by request of the Government and Defendant, and reassignment of this case to the now-presiding Honorable District Judge prevented the hearing from continuing as scheduled. Doc. Nos. 302, 301, and 304.

This Court, due to the expedient need to provide for Defendant's housing at the Renewal Center at the conclusion of his incarceration by the Bureau of Prisons and commencement of his term of Supervised Release on April 6, 2019, entered an Order setting the Conditions or Terms of Supervision, but such Order was expressly entered without prejudice to Minor Victim A.K. continuing to seek relief pursuant to the CVRA. Doc. Nos. 305 and 306.

Minor Victim A.K. seeks relief that is expressly provided to crime victims as "rights" in the CVRA—and those rights include "the right to be reasonably heard at any public proceeding in the district court involving release[.]" 18 U.S.C. § 3771(a)(4). Although all "officers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime" have a duty to "make their best efforts to see that crime victims are notified of, and accorded, the rights" of the CVRA, 18 U.S.C. § 3771(c)(1), the Court itself has an independent duty to "ensure that [a] crime victim is afforded the rights" outlined in the CVRA. 18 U.S.C. § 3771(b)(1).

Both the Government and Defendant oppose Minor Victim's A.K. request for relief pursuant to the CVRA. Further, it is anticipated that the Government and/or Defendant will argue that Minor Victim A.K. and/or her mother may submit written statements to the Court as opposed to the Court continuing the hearing that was commenced on March 21, 2019 to take testimony. However, under these circumstances, where Minor Victim A.K. and her mother have been prevented from being reasonably heard at the district court's hearing on the U.S. Probation Office's request for modification of the terms and conditions of Defendant's supervised release—a public proceeding unquestionably related to the Defendant's release—by procedural litigation by the Defendant and Government and by the sudden reassignment of this case to the now-presiding Judge, the Court should ensure that Minor Victim A.K.'s rights under the CVRA

are meaningfully honored by continuing, and concluding, the hearing that commenced on March 21, 2019 as scheduled.

### III.   Conclusion

For the reasons set forth herein and in Petitioner's Motion for Additional Hearing in Support of Her Petition for Relief Pursuant to the Crime Victims' Rights Act, Petitioner Minor Victim A.K. respectfully requests that the Court continue the hearing commenced on March 21, 2019, reschedule the hearing that was set for April 2, 2019, and afford Minor Victim A.K. and her mother the right to be reasonably heard concerning Defendant's release.

    Respectfully submitted,

    s/Emily E. Town
    Emily E. Town
    PA Bar No. 309881

    Rothman Gordon, P.C.
    310 Grant Street
    Third Floor, Grant Building
    Pittsburgh, PA 15219

    *Attorney for A.K.*