IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 02-19 |
| | ) | |
| | ) | |
| SCOTT TYREE. | ) | |

**RESPONSE TO PETITIONER'S MOTION FOR ADDITIONAL HEARING**

Scott Tyree files through counsel this Response to Petitioner's Motion for Additional Hearing and states:

### Introduction

This Court has Ordered the only two legitimate parties to this matter, Mr. Tyree and the government, to respond to Petitioner's Motion for Additional Hearing In Support of Her Motion for Relief Pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("the Motion"). The Motion should be denied.

There are no factual issues to decide. There is no dispute between Mr. Tyree and the government, the legitimate parties in this case. This Court has no power to grant the relief demanded under the statute cited, 18 U.S.C. § 3771 ("the CVRA") and consequently has no jurisdiction to do so.

**Petitioner does not have the right to demand a hearing.**

1. Petitioner has no right to move this Court for a hearing under the CVRA. And this Court cannot Order a hearing just because Petitioner demands one. "[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of

reading others into it. 'When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode.'" *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 19–20 (1979). This principle is long-standing, being recognized over a century ago. "The rule which excludes other remedies where a statute creates a right and provides a special remedy for its enforcement rests upon the presumed prohibition of all other remedies." *U.S. v. Stevenson*, 215 U.S. 190, 197 (1909). The CVRA gives crime victims limited, enumerated rights, nothing more. These rights have been described as "largely rights to notice and participation in any court proceedings." *United States v. Kovall*, 857 F.3d 1060, 1070 (9th Cir. 2017). It provides specific remedies to enforce those rights. It does not give crime victims the right to demand a hearing.

2. Petitioner has been afforded all of the rights given her under the CVRA.

   a. Petitioner has the right to be "reasonably protected" from Mr. Tyree. She does not live in the Western District, and the terms of Mr. Tyree's supervised release prohibit his direct or indirect contact with her or her family. This right is being enforced by electronic monitoring for an extended period and a curfew.

   b. Petitioner has the right to notice of any public court proceeding. That right has been honored.

   c. Petitioner has the right not to be excluded from any such proceeding. She has not been excluded from any public court proceeding. She has

failed to attend either of the two hearings already conducted this year. She did attend Mr. Tyree's original sentencing in 2003 and his re-sentencing in 2005.

d. Petitioner has the right to be *reasonably* heard in any such proceeding. Over the course of two proceedings this year she has failed to exercise that right. She did give a victim's impact statement when Mr. Tyree was originally sentenced. Her mother got to make a statement to the Court in 2003 during a closed hearing.[1] To that end, Mr. Tyree has already demonstrated to this Court that only Petitioner, not her family, are victims under the CVRA.

e. Petitioner has the right to confer with the government's attorney. To the best of Mr. Tyree's knowledge, she has done so.

f. Petitioner has the right to restitution. Restitution has been paid in full.

g. Petitioner has the right to proceedings free from unreasonable delay. There has been no unreasonable delay at any stage of this case, neither seventeen years ago nor today.

h. Petitioner has the right to be treated with fairness and respect for her dignity and privacy. Neither Mr. Tyree nor counsel have spoken her

---

[1] In the Motion, Petitioner now describes herself as "Minor Victim A.K." She is not. She is now 31 years old and a married woman. Her parents cannot speak on her behalf. Not even the most generous reading of 18 U.S.C. § 3771(e)(2)(B) permits that.

        name, attempted to contact her or her family, or spoken to the media about her. For the past seventeen years all attempts by local and national media to speak with or interview Mr. Tyree or counsel have been rebuffed. That includes the current media circus. Yet Petitioner's innumerable media appearances, interviews, Wikipedia page and her own social media presence continue to spread the tale she has been telling for the past seventeen years, using her name and Mr. Tyree's. That was her choice.

   i.   Petitioner has the right to be informed of a plea bargain or deferred prosecution agreement. She was, when Mr. Tyree pled guilty and was sentenced.

   j.   Finally, Petitioner has the right to be informed of her rights under the CVRA. Petitioner appears to be informed of these rights since she is attempting to claim relief under that act, although she through her attorney keeps attempting to claim remedies not provided under the CVRA.

3.   Petitioner's claims that she was not given notice of Mr. Tyree's transfer to the Western District by the Bureau of Prisons. The government demonstrated both through its pleadings and with Bureau of Prisons personnel that it followed all of the standard procedures in place concerning witness notification and prisoner placement. Petitioner appears to claim that due to the unique nature of this case she is entitled to special treatment and

consideration by the government and the Bureau of Prisons. She fails to identify any law or principle that entitles her to special status.

**This Court does not have jurisdiction to act. The current issue concerned modifications to the terms of Mr. Tyree's supervised release. This Court approved those modifications on April 3, 2019, rending the issue moot.**

4. When an issue is no longer live and the parties no longer have a personal state in the outcome, the issue is moot and a federal court no longer has jurisdiction.

   The mootness doctrine imposes two requirements: (1) that the underlying dispute presents "live" issues, and (2) that the parties have "a legally cognizable interest in the outcome"—that is, a personal stake in the dispute. The parties must have a personal stake in the litigation not only at its inception, but throughout its existence. Therefore, "if developments occurring during the course of adjudication eliminate a plaintiff's personal stake in the outcome of a suit, then a federal court must dismiss the case as moot."

   *Gayle v. Warden Monmouth County Correctional Institution*, 838 F.3d 297, 303 (3rd Cir. 2016)

5. "A federal court has a continuing duty to ensure that it adjudicates only genuine disputes between adverse *parties*, where the relief requested would have a real impact on the *legal interests of those parties.*" *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (emphasis added).

6. There are no live issues to decide. There is no genuine dispute between Mr. Tyree and the government, the legitimate parties in this case. They agreed on the modifications to Mr. Tyree's supervised release terms. This Court

entered an Order on April 3, 2019 putting those terms in effect. That issue is now moot. There is nothing more for this Court to do. Further, this Court has no power to grant the relief Petitioner demands under the CVRA and therefore has no jurisdiction as far as that is concerned.

**Petitioner's final demand is well outside the scope of the CVRA.**

7. Petitioner demands that this Court "explore whether a violation occurred" of protective orders entered in this case in 2016 and some other unspecified dates. No facts or specifics are alleged. This type of action is not permitted under the CVRA and this Court should not be a party to it. This Court should reject this request.

## Conclusion

Petitioner has no right to demand a hearing under the CVRA. The CVRA does not authorize this Court to accede to that demand. The issue of modifications to Mr. Tyree's supervised release terms was resolved on April 3, 2019 with this Court's Order of that date. There is nothing for this Court to decide. Petitioner was afforded all of the rights given her under the CVRA. The Motion should be denied.

    Respectfully submitted,

    /s/ R. Damien Schorr
    R. Damien Schorr
    Pa. Id. No. 62928
    Counsel for Scott Tyree

Dated: April 19, 2019