```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA    )
                            )
        v.                  )   Criminal No. 02-19
                            )
SCOTT TYREE                 )
```

## GOVERNMENT'S REPONSE TO MOTION FILED BY VICTIM'S COUNSEL FOR A HEARING

AND NOW, comes the United States of America, by its attorneys Scott W. Brady, United States Attorney and Tina O. Miller, Deputy United States Attorney, and hereby files the following Response.

1. The victim, through her attorney, filed a motion asking for a hearing so the victim and her parents can further express their request that the Defendant be transferred to another district for supervision.

2. These concerns have been expressed to the Court. The Court has acknowledged and thoughtfully considered them. The Petitioner has received all of the rights due under the CVRA. Petitioner has filed pleadings, made requests concerning the sealing of documents and protective orders, requested through her mother that a no contact order be made part of the supervised release conditions, and had the opportunity through counsel to be heard at two hearings and a status conference on the matter.

1

3. There is no need for an additional hearing.

4. A victim has no right to demand that a court schedule a hearing in a criminal case and no right or ability to participate in the substantive litigation of legal issues in a criminal case. To determine such a right exists greatly expands the important protections of the CVRA.

5. The CVRA narrowly defines certain victim rights, which essentially allow a victim to receive notice, to receive restitution, to be "reasonably protected from the accused" and to be "reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771. The parties in this case are the United States of America and the Defendant. The victim is not a party or an intervenor in this case. As stated by the court in *United States v. Rubin*, 558 F.Supp.2d 411, 417-18 (E.D. N.Y. 2008):

> victims in this posture are not accorded formal party status, nor are they even accorded intervenor status as in a civil action. Rather, the CVRA appears to simply accord them standing to vindicate their rights as victims under the CVRA and to do so in the judicial context of the pending criminal prosecution of the conduct of the accused that allegedly victimized them. Although the CVRA is meant to be liberally construed within the confines of the rights guaranteed, there is

2

    absolutely no suggestion in the statutory language that victims have a right independent of the government to prosecute a crime, set strategy, or object to or appeal pretrial or *in limine* orders entered by the Court whether they be upon consent of or over the objection of the government. Quite to the contrary, the statute itself provides that "[n]othing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction." 18 U.S.C. § 3771(d)(6). In short, the CVRA, for the most part, gives victims a voice, not a veto.

6. Nothing in the CVRA gives a victim the ability to move for or require an involuntary transfer of a defendant to another jurisdiction. Both the victim and her parents have had numerous opportunities to present their views on the various issues before the Court, and they have made their views known to the Court. The parents attended both hearings, as did the victim's attorney. The parents and the victim were invited to submit additional written statements as part of their most recent brief to the extent they had additional things to say. They chose not to avail themselves of that opportunity.

7. It should be noted that while the support and participation the victim has received from her parents is commendable and encouraged, since the victim is no longer a child, her parents have no formal standing under § 3771. Indeed, even during a victim's minority, a parent's standing to assert rights under § 3771 is limited to asserting <u>the victim's</u>

3

rights on the victim's behalf. Parents, even parents of minors, have no independent rights under the CVRA.

8. Petitioner's prior argument that the BOP's alleged lack of notice of Defendant's release should result in the Defendant being transferred to another jurisdiction is without merit. Even if the Petitioner did not receive notice (which the government denies), the receipt of such notice would not have entitled the petitioner to intervene in the BOP's designation decision. The case cited by Petitioner *United States v. Doe*, 950 F.Supp.2d 1262 (S.D. Fla 2013) does not support her broad assertion that the CVRA gives a court jurisdiction over a decision it otherwise has no jurisdiction over. In *Doe*, the court re-opened a non-prosecution agreement with a defendant because the victims were not consulted prior to the entry of that agreement. That decision is entirely inapposite here.

9. A finding by the Court that a victim has the right to require a defendant's involuntary transfer to another jurisdiction because a family member of the victim lives in that district has broad implications far beyond the confines of this case.

10. The government's charge in a criminal case is to do justice. This means that the government cannot blindly

4

implement the wishes of a victim's family that have no basis in the law or no precedent in this court. Victim rights and safety are vitally important, as is the protection of the public. Dangerous defendants are released from prison to supervision in this country every day, frequently to jurisdictions where their victims and/or their families reside. The government and probation officers carefully evaluate these types of circumstances in every case, and impose conditions on a defendant tailored to the evaluation of all of the factors. That was done in this case.

11. Both the government and the Probation Office are charged with considering the protection of the public, i.e. all people in the District and elsewhere. Part of that public protection includes providing opportunities for defendants to rehabilitate following their release from incarceration. This rehabilitation includes finding a home, a job and receiving proper education. Defendants who are able to assimilate into society, lead a law abiding life and get a job pose a much lower risk of recidivism. Having this Defendant homeless in a jurisdiction unfamiliar with his case without a job or other lawful way to occupy himself does not serve the best interest of the victim or

5

society.

12. While the victim's attorney has claimed this case is extraordinary, the United States understands that all victims of sexual assault have suffered extraordinary harm. The physical and emotional toll of sexual abuse is significant for all victims. All victims deserve the equal treatment and protection of the law. Congress has thus far not enacted a law that requires the BOP to place defendants in districts where no victim or family member resides. It is presumed that before passing such a law, Congress would hold hearings and consult with the BOP and probation officers to determine the feasibility of implementing such a regime.

13. The government has received no evidence that Defendant violated the protective order. The letter referred to by the victim's attorney makes no mention of materials that fall under the protective orders in this case, the letter does not refer to photographs of the victim or information about the victim in this case. Should credible evidence come to light that Defendant violated the protective orders in this case, as the government informed Mr. Tyree during the colloquy concerning the protected material, the government will investigate it as a possible contempt of

court and take appropriate action as the evidence dictates.

WHEREFORE, the government requests that the Court deny any request for a further hearing in this matter.

                                                Respectfully submitted,

                                                SCOTT W. BRADY
                                                United States Attorney

                                                s/Tina O. Miller
                                                TINA O. MILLER
                                                Deputy United States Attorney
                                                tina.miller@usdoj.gov
                                                PA ID No. 71101