IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.                                                                              2:02-cr-00019-NBF

SCOTT TYREE,
      Defendant.

**REPLY MEMORANDUM IN SUPPORT OF PETITIONER'S REQUEST FOR ADDITIONAL HEARING ON HER MOTION FOR RELIEF PURSUANT TO THE CRIME VICTIMS' RIGHTS ACT, 18 U.S.C. § 3771**

Minor Victim A.K., through undersigned counsel, submits this Reply in support of her Motion to continue the hearing commenced on March 21, 2019 and to reschedule the hearing that was set for April 2, 2019 and stayed by an Order of the United States Court of Appeals for the Third Circuit, pursuant to the Court's Text Order at Doc. No. 318.

**I.    Defendant Tyree lacks standing to oppose A.K.'s CVRA Motion**

As an initial matter, the Court has thus far generously considered argument in opposition to A.K.'s Motion for Relief pursuant to the CVRA submitted by Defendant through his Counsel. Although Defendant argues forcefully that the Minor Victim has no standing, is not a party to this matter, and should otherwise not be heard—it is the Defendant who has no standing in this current dispute between A.K. and the Government.

As set forth in A.K.'s Memorandum in Response to the Court's Order at Doc. No. 308, (Doc. No. 313) the CVRA provides that a victim may seek relief from the district court in which a criminal has been prosecuted—but the criminal defendant is not a party from whom relief can

be obtained; only the agencies and employees of the Government and the Court are charged with the duty of ensuring crime victims' rights are enforced. *See Does v. United States*, 817 F. Supp. 2d 1337, 1340-41 (S. D. Fla. 2011) ("If a prosecution is underway, the CVRA grants victims standing to vindicate their rights in the ongoing criminal action. 18 U.S.C. § 3771(d)(3). If, however, a prosecution is not underway, the victims may initiate a new action under the CVRA in the district court of the district where the crime occurred. *Id.*"). Accordingly, when deciding A.K.'s Motion for Relief, Doc. No. 262, the Court need not entertain the Defendant's arguments in opposition.

II. **A.K.'s CVRA Motion seeks narrowly tailored relief within the Court's power to grant.**

The Government and Defendant have repeatedly argued that A.K. cannot "dictate" terms of supervised release for the Defendant, nor order the Bureau of Prisons or Court to transfer the Defendant elsewhere. Those are true statements. However, the Defendant cannot and the Government should not interfere with A.K.'s right to present testimony in ***any*** proceeding involving the Defendant's release. 18 U.S.C. § 3771(a)(4).

The crux of this matter is the clearly established failure of the Bureau of Prisons to consider the location of the victim and her family, or their safety, ***at all*** when devising a plan for Defendant's release and re-entry into society. A criminal defendant with no ties to the community was sent here to create a new life with the Government's assistance in securing employment and housing. Sending a criminal defendant to a location in which he has never before resided—when the family of the victim has lived in the community for several generations—is not doing "justice" as the Government claims in its opposition to A.K.'s Motion.

Doc. No. 317, pp. 4-5 ("The Government's charge in a criminal case is to do justice."). To the contrary, it is a cruel re-victimization of A.K. and her family.

The Government argues that the relief sought by A.K. in this matter would have "broad implications far beyond the confines of this case." Doc. No. 317, p. 4. Thus far in 2019, the Bureau of Prisons has released approximately 3,500 prisoners per month—which is a decline from prior years.[1] 9.9% of federal inmates are incarcerated for sex crimes and only 3.3% are incarcerated for homicide, kidnapping, or aggravated assault.[2] Even assuming that each of the inmates incarcerated for these types of crimes has an identified victim known to the Government, it can be assumed that there would be a limited number of federal inmates who have been transferred to the victim's home jurisdiction for prosecution despite having no other connection to the jurisdiction. It can likely also be assumed that the vast majority of federal inmates are prosecuted in the jurisdictions in which they have been living. A.K. is asking the Court to consider the particular harm caused in *this* situation—and to find that the Bureau of Prisons has a duty pursuant to the CVRA to make such considerations when determining the appropriate release location for a criminal defendant.

As to the issue of whether the Court should continue the hearing commenced on March 21, 2019 and reschedule the hearing that was set for April 2, 2019 but stayed by the Court of Appeals—allowing the Minor Victim to present her testimony regarding the harm caused to her by the Bureau of Prison's failure to consider her safety, privacy, and dignity when devising Defendant's release plan will create a complete record on this matter prior to the Court issuing a final decision on A.K.'s CVRA Motion, and will discharge the Court's independent duty to

---

[1] *See* https://www.bop.gov/about/statistics/statistics_inmate_releases.jsp
[2] *See* https://www.bop.gov/about/statistics/statistics_inmate_offenses.jsp

ensure that every crime victim's right to be reasonably heard in any public proceeding regarding a criminal defendant's release is enforced.  18 U.S.C. §§ 3771(a)(4) and (b)(1).

**III.    Conclusion**

For the reasons set forth herein and in Petitioner's Motion for Additional Hearing in Support of Her Petition for Relief Pursuant to the Crime Victims' Rights Act, Petitioner Minor Victim A.K. respectfully requests that the Court continue the hearing commenced on March 21, 2019, reschedule the hearing that was set for April 2, 2019, and afford Minor Victim A.K. and her mother the right to be reasonably heard concerning Defendant's release.

Respectfully submitted,

s/Emily E. Town
Emily E. Town
PA Bar No. 309881

Rothman Gordon, P.C.
310 Grant Street
Third Floor, Grant Building
Pittsburgh, PA 15219

*Attorney for A.K.*