IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 02-19 |
| | ) | Judge Nora Barry Fischer |
| SCOTT TYREE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This matter is before the Court on Petitioner A.K.'s Motion for Additional Hearing in Support of her Petition for Relief Pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771, (Docket No. 309), her Brief in Support, (Docket No. 310), Defendant Scott Tyree's Response, (Docket No. 314), and Supplement, (Docket No. 316), the Government's Response, (Docket No. 317), and A.K's Reply, (Docket No. 320). The parties and A.K. previously briefed her Motion for Relief Pursuant to the Crime Victim's Rights Act, 18 U.S.C. § 3771, while the case was assigned to the Hon. Arthur J. Schwab. (Docket Nos. 262; 264; 268; 269). Such motion remains pending and the April 2, 2019 hearing set by Judge Schwab as to same was stayed by the Court of Appeals and has yet to be rescheduled after the petition for mandamus was denied and the case was reassigned. (*See* Docket No. 302). On April 5, 2019, this Court convened a status conference and entered a consent motion for modification of conditions of release "without prejudice to the relief sought in the pending motion filed by the Victim and Family" as well as the present motion under consideration. (Docket Nos. 305; 306). The parties and A.K. have also submitted supplemental briefs, (Docket Nos. 311; 312; 313), in response to this Court's Order of April 11, 2019 addressing pertinent caselaw identified by the Court given the "pending disputes concerning the potential relocation of Defendant

1

pursuant to 18 U.S.C. § 3605," (Docket No. 308).  After careful consideration of all of these submissions and for the following reasons, A.K.'s Motion for Additional Hearing [309] is granted.

As the facts of this matter are well known to the parties and A.K. and are otherwise set forth in several decisions authored by Judge Schwab, the Court dispenses with an exhaustive recantation of same.  (*See* Docket Nos. 281; 282; 294; 299).  Briefly, the present dispute surrounds A.K.'s continuing request for a hearing under 18 U.S.C. § 3771 so that she and her family can express their concerns and objections to the location of Defendant's supervised release in this District and the opposition to same lodged by Defendant and the Government.  (Docket Nos. 310; 314; 316; 317; 320).  However, the record reveals that Judge Schwab previously ruled on this dispute, scheduled a hearing, determined that 18 U.S.C. § 3771 applied to the proceedings and advised that A.K. and her family would have an opportunity to address the Court, overruling Defendant's and the Government's objections to convening the hearing while making clear that he had not ruled on the parties' consented modification of conditions or made a decision as to whether Defendant's supervised release should be transferred to a consenting District under 18 U.S.C. § 3605.  (*See* Docket No. 294 at 20-24).

All told, this Court believes that Judge Schwab's decisions are the "law of the case," which continue to govern "unless there are 'extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'"  *See Zimmerman v. Corbett*, 738 F. App'x 87, 87-88 (3d Cir. 2018) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816-17, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), *which quoted Arizona v. California*, 460 U.S. 605, 618 n.8, 103 S.Ct. 1382, 75 L.Ed.2d 318)).  But, there are no extraordinary circumstances here as the Court of Appeals did not address the scope of A.K.'s rights at this stage nor the need for a hearing

and neither Defendant nor the Government have demonstrated that Judge Schwab's decision to convene the hearing was clearly erroneous or would work a manifest injustice. *See id.* To the contrary, this Court believes that convening the previously scheduled hearing is necessary for all of the following reasons:

- Defendant was released from the custody of the Bureau of Prisons and placed on supervised release on April 6, 2019 under the supervision of the U.S. Probation Office for the Western District of Pennsylvania and, ultimately, this Court;

- this Court accepted the consent modification to the terms of Defendant's supervised release, without prejudice, to A.K.'s assertion of her rights;

- A.K. has "the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding," 18 U.S.C. § 3771(a)(4)[1];

- A.K.'s counsel has informed the Court that she intends to appear at a hearing and make a statement; and,

- this Court concurs with Judge Schwab's assessment that accepting additional information from A.K. and her family will inform its decisions on the pending matters, including the appropriate release plan for Defendant going forward and whether a transfer of supervision to another, consenting District pursuant to 18 U.S.C. § 3605 is the appropriate course of action.

For all of these reasons,

IT IS HEREBY ORDERED that A.K.'s Motion for Hearing [309] is GRANTED;

IT IS FURTHER ORDERED that a hearing is scheduled for **Friday, May 31, 2019 at 2:30 p.m.** in Courtroom 5B before Judge Nora Barry Fischer at which time A.K. and her family will be

---

[1] Courts have interpreted the legislative history of the Act as stating a preference for the Court to accept an oral statement in open court, when requested by the victim. *See e.g., Kenna v. United States Dist. Court*, 435 F.3d 1011, 10106 (9th Cir. 2006) ("The statements of the sponsors of the CVRA and the committee report for the proposed constitutional amendment disclose a clear congressional intent to give crime victims the right to speak at proceedings

provided with the opportunity to make statements pertinent to the issues at hand.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: May 1, 2019

cc/ecf: All counsel of record.

    Scott Tyree c/o Damien Schorr, Esq.

    A.K. c/o Emily Town, Esq.

---

covered by the CVRA.").