# UNITED STATES DISTRICT COURT

## Western District of Pennsylvania

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
| v. | (For **Revocation** of Probation or Supervised Release) |

| SCOTT TYREE | Case No.  CR NO. 02-00019-001 |
|  | USM No.  45380-083 |

R. Damien Schorr, Esquire
_Defendant's Attorney_

**THE DEFENDANT:**

X  admitted guilt to violation of condition(s)  __1 and 2__  of the term of supervision.

☐  was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
|  | VIOLATIONS LISTED ON PAGE 2 |  |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X  Violation of condition  __3__  is dismissed upon agreement of the parties.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of   __4407__

Defendant's Year of Birth:  __1963__

City and State of Defendant's Residence: N/A

October 2, 2019
_Date of Imposition of Judgment_

_/s/ Nora Barry Fischer_
_Signature of Judge_

Nora Barry Fischer, Senior United States District Judge
_Name and Title of Judge_

October 2, 2019
_Date_

AO 245D (Rev. 02/18)   Judgment in a Criminal Case for Revocations
Sheet 1A

Judgment—Page 2 of 8

DEFENDANT: SCOTT TYREE
CASE NUMBER: CR NO. 02-00019-001

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 1 | Violation of condition that the defendant shall be placed at Renewal, Inc., for period of up to 180 days. While at Renewal, the offender shall participate in in any treatment or workforce development programs as directed and shall abide by all rules of the facility. | May 20, 2019 & July 8, 2019 |
| 2 | Violation of condition that the defendant also shall abide by the provisions of the Computer Restrictions and Monitoring Program approved by the Court. | May 20, 2019 |

AO 245D (Rev. 02/18)   Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page __3__ of __8__

DEFENDANT: SCOTT TYREE
CASE NUMBER: CR NO. 02-00019-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Twenty-four (24) months at each of Counts 2 and 4, said terms to run concurrently.

X  The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant: (1) be placed at FCI Elkton; (2) be provided any available counseling and treatment for sex offenders while incarcerated; (3) be afforded any vocational and educational opportunities that are available to him during his imprisonment; (4) be given credit for time served in presentence custody, to the extent that he is eligible for same; (5) shall be released to the Middle District of Pennsylvania, where the Court has ordered he will serve his term of Supervised Release. The Bureau of Prisons shall not release the defendant to the Western District of Pennsylvania or the Southern District of New York, locations where this Court has ordered that defendant shall **not** serve his term of Supervised Release. The Bureau of Prisons shall also **not** release the defendant to any other district without notification to the victim, A.K., her counsel, and her family and providing them a meaningful opportunity to object to such location.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
☐ at _____ ☐ a.m. ☐ p.m. on _____ .
☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ before 2 p.m. on _____ .
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page __4__ of __8__

DEFENDANT:    SCOTT TYREE
CASE NUMBER: CR NO. 02-00019-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
One (1) year of Supervised Release, for the violations at each of Counts 2 and 4; said terms of Supervised Release shall run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 13 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. X You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. X You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: SCOTT TYREE
CASE NUMBER: CR NO. 02-00019-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: SCOTT TYREE
CASE NUMBER: CR NO. 02-00019-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall serve the term of Supervised Release in the Middle District of Pennsylvania which has agreed to supervise defendant. However, this Court will retain jurisdiction of this matter. The defendant shall not reside in the Western District of Pennsylvania or Southern District of New York, where the victim, A.K., and her family currently reside. The Probation Office shall **not** transfer defendant's Supervised Release to any other district without notification to the victim, A.K., her counsel, and her family and providing them a meaningful opportunity to object to any proposed transfer.

2. The defendant shall serve the first six (6) months of the term of Supervised Release at a community corrections center, at a location to be determined by the Probation Office. While residing at the community corrections center, defendant shall abide by all rules of the facility.

3. The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, said program to approved by the probation officer, until such time as the defendant is released from the program by the Court. Further, based upon defendant's ability to pay, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

4. It is further ordered that the defendant shall not intentionally purchase, possess and/or use any substance(s) designed to simulate or alter in any way the defendant's own urine specimen. In addition, the defendant shall not purchase, possess and/or use any device(s) designed to be used for the submission of a third-party urine specimen.

5. The defendant shall participate in a mental health assessment and/or treatment program approved by the probation officer, until such time as the defendant is released from the program by the Court. Based upon defendant's ability to pay, the defendant shall be required to contribute to the costs of services in an amount determined by the Probation Office. These costs shall not exceed the actual cost of the service. The Probation Office is authorized to release the defendant's presentence report to the treatment provider if so requested.

6. The defendant must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.) which could include an evaluation and completion of any recommended treatment. The Probation Office is authorized to release the defendant's presentence report to the treatment provider if so requested.

7. The defendant must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

8. The defendant must not have direct contact with any child you know or reasonably should know to be under the age of 18, including defendant' own children, without the permission of the probation officer. If defendant does have any direct contact with any child defendant knows or reasonably should know to be under the age of 18, including defendant's own children, without the permission of the probation officer, defendant must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

9. The defendant must not go to, or remain at, any place where defendant knows children under the age of 18 are likely to be, including, but limited to parks, schools, playgrounds, and childcare facilities.

10. The defendant must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18.

11. The defendant shall not photograph and/or videotape any children under the age of 18 without the written consent of their parent or legal guardian who is aware of the nature of the defendant's history, characteristics and/or convictions(s) and has been approved by the probation officer.

12. The defendant shall not possess or access with intent to view any materials, including pictures, photographs, books, writings drawings, videos, or video games depicting and/or describing child pornography as defined at 18 U.S.C. § 2256(8), or obscene visual representations of the sexual abuse of children as defined at 18 U.S.C. § 1466A.

DEFENDANT: SCOTT TYREE
CASE NUMBER: CR NO. 02-00019-001

## SPECIAL CONDITIONS OF SUPERVISION

13. In accordance with 18 U.S.C. §§ 3583(d) and 4042(c)(4), the defendant shall report the address where defendant will reside and any subsequent change of address to the Probation Officer responsible for the defendant's supervision, and further, the defendant shall register as a convicted sex offender in any state where he resides, is employed, carries on a vocation, or is a student.

14. The defendant shall provide the probation officer with access to any requested financial information.

15. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the probation officer.

16. The defendant shall not enter into a rental agreement and/or purchase computers, cell phones, or electronic communication or data storage devices without the consent of the probation officer. Furthermore, the defendant shall not make excessive and/or unexplained purchases of items ordinarily related to children under the age of 18, without approval of the probation officer.

17. The defendant must submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. Defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.

18. The defendant shall not have direct or indirect contact with the victim in the instant federal offense or any other member of the immediate family to include, but not limited to her children, spouse, parents, counsel or other persons restricted by the probation officer. This includes all forms of contact (i.e. telephonic, electronic text, social media, email, verbal, and physical). No contact shall be initiated through third parties.

19. The defendant must not view or possess any "visual depiction" (as defined by in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), that would compromise defendant's sex offense-specific treatment.

20. The defendant must submit to substance abuse testing to determine if you have used a prohibited substance. Defendant must not attempt to obstruct or tamper with the testing methods.

21. The defendant must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the probation officer.

22. The defendant shall not purchase, possess, or use a computer, a cell phone with internet access, or other electronic devices capable of storing, recording or replaying electronic media or data files, at any location, including his place of employment or education without permission of the probation office. Furthermore, the defendant shall not access any internet service provider, bulletin board system or any other public or private computer network or service at any location. The defendant shall consent to periodic inspection by the probation officer of any cell phone possessed by the offender to ensure compliance with this condition. This condition shall remain in effect until computer and internet use is recommended by his sex offender treatment provider and approved by the probation officer. Once the defendant is granted computer and internet access, he shall be subject to the following conditions (on next page):

Judgment—Page 8 of 8

DEFENDANT: SCOTT TYREE
CASE NUMBER: CR NO. 02-00019-001

## SPECIAL CONDITIONS OF SUPERVISION

A. Defendant must submit defendant's computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. Defendant must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation.

B. Defendant must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

C. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. Defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

23. If the defendant's employment requires the use of a computer, the defendant may use a computer in connection with the employment approved by the probation officer, provided the defendant notifies their employer of the nature of the conviction or charge. The probation officer shall confirm compliance with this notification requirement.

24. The defendant shall provide the U.S. Probation Office with accurate information about the defendant's entire computer system (hardware or software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s).

25. The defendant shall cooperate in the collection of DNA as directed by the Probation Officer, pursuant to 28 C.F.R. Section 28.12, the DNA Fingerprint Act of 2005 and the Adam Walsh Child Protection and Safety Act of 2006.