IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 02-19 |
| | ) | |
| SCOTT TYREE | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION
TO MOTION FOR RETURN OF SEIZED PROPERTY**

AND NOW comes the United States of America, by its counsel Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and David Lew, Assistant United States Attorney for said district, and respectfully submits this Response in Opposition to Defendant's Motion for Return of Seized Property (the "Motion").

In 2003, Defendant Scott Tyree was convicted in this Court of travel with intent to engage in a sexual act with a juvenile and sexual exploitation of a minor.   His conviction arose from his luring a 13-year-old victim from her home in Western Pennsylvania to his home in Virginia.  *See* Doc. No. 233 at 2 n.2.   Defendant was sentenced, then resentenced post-*Booker*, to a term of imprisonment to be followed by supervised release.   One of the conditions of his supervised release prohibited him from possessing an internet-enabled cellular phone without permission from the Probation Office.   In July 2019, approximately three months after his supervision commenced, Renewal staff provided Defendant's Probation Officer with an unauthorized internet-enabled cellular phone taken from Defendant.   Defendant's supervision was subsequently revoked, and he is currently incarcerated at FCI-Elkton serving a 24-month term of imprisonment.   He now files a Motion for Return of Seized Property asking the Court to order that his unauthorized cellular phone be sent to an unknown representative "whose name and address will be provided off the record to preserve their privacy."   For the reasons discussed

below, his Motion requesting the immediate return of this unauthorized device should be denied.

## PROCEDURAL HISTORY

On May 13, 2005, Defendant Scott Tyree was resentenced by this Court to 235 months imprisonment to be followed by three years of supervised release on one count of travel with intent to engage in a sexual act with a juvenile, in violation of 18 U.S.C. § 2423(b), and one count of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a).   Doc. No. 214.[1] Defendant's term of supervised release commenced on April 5, 2019.   Doc. No. 329.   Shortly before, on April 3, 2019, the Court entered an Order modifying the conditions of Defendant's supervised release to include, among other conditions, the following:

> The defendant shall not purchase, possess, or use a computer, a cell phone with internet access, or other electronic devices capable of storing, recording or replaying electronic media or data files, at any location, including his place of employment or education without permission of the probation office. Furthermore, the defendant shall not access any internet service provider, bulletin board system or any other public or private computer network or service at any location.   The defendant shall consent to periodic inspection by the probation or pretrial services officer of any cell phone possessed by the offender to ensure compliance with this condition. . . .

Doc. No. 306 (emphasis added).

On July 5, 2019, approximately 3 months after Defendant's release, the Probation Office filed a Petition alleging that Defendant violated the conditions of his supervised release by accessing a website that allows access to pornographic images and links to sexual videos and by using countermeasures to defeat a polygraph examination.   Doc. No. 326.   On July 8, 2019, a Supplemental Petition was filed alleging that Defendant was being discharged as non-compliant from Renewal.   Doc. No. 329.

---

[1] Defendant was initially sentenced on September 26, 2003 (Doc No. 173) and was resentenced following *United States v. Booker*, 543 U.S. 220 (2005).

Around July 8, 2019, Renewal staff provided Defendant's Probation Officer, Michael Howard, with a cellular phone that had been taken from Defendant several days earlier on July 5.[2]   As Mr. Howard recently confirmed to the Government, an inspection of the phone revealed that the device was capable of accessing the internet and had in fact been used to access several internet websites.   Defendant did not obtain permission from the Probation Office to possess an internet-enabled cellular phone as he was required under the conditions of his supervised release.

On October 2, 2019, a revocation hearing was held, and Defendant admitted to violating two conditions.   Doc. Nos. 353, 354.   Allegations regarding a violation of a third condition were dismissed upon agreement of the parties.   *Id.*   The Court entered a judgment against Defendant and sentenced him to 24 months imprisonment to be followed by 1 year of supervised release.   Doc. No. 354.   The Judgment included the above condition prohibiting Defendant from possessing an internet-enabled cellular phone without permission of the Probation Office. *Id.*   Defendant is currently incarcerated at FCI Elkton with an anticipated release date of March 3, 2021.   *See* https://www.bop.gov/inmateloc/ (last viewed June 1, 2020).

On May 14, 2020, Defendant filed a Motion for Return of Seized Property requesting that the unauthorized cellular phone, identified as a "Kyrocera[3] S1310 Rally," be sent to an unnamed representative.   Doc. No. 355 (noting the phone should be sent to an individual "whose name and address will be provided off the record to preserve their privacy").   As grounds for his Motion, Defendant cites Federal Rule of Criminal Procedure 41(g).   For the reasons discussed below, Defendant's Motion should be denied.

---

[2]  The Probation Office has informed the Government that it remains in possession of the phone.
[3]  The correct spelling appears to be "Kyocera."

**ARGUMENT**

Federal Rule of Criminal Procedure 41(g) provides:

**(g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

As the Third Circuit has recognized, "It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture. . . . A person aggrieved by the deprivation of property may file a motion under [Rule 41] to request the return of that property." *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999) (internal citations omitted).

Here, the Court expressly ordered as a condition of Defendant's supervised release that "he shall not purchase, possess, or use a computer, a cell phone with internet access, or other electronic devices capable of storing, recording or replaying electronic media or data files, at any location, including his place of employment or education without permission of the probation office." Doc. No. 306. Given the serious nature of his offense, this condition limiting Defendant's access to internet-enabled devices was an important component of his sentence.

As noted above, an inspection of Defendant's cellular phone by his Probation Officer revealed that the phone was used to access various internet websites. Defendant did not seek or obtain permission from the Probation Office beforehand to possess an internet-enabled cellular phone. Accordingly, this device is contraband that Defendant is not permitted to possess.[4] *See,*

---

[4] Moreover, Defendant, currently incarcerated at FCI Elkton, is not permitted to possess a cellular phone while in prison. *See, e.g.*, *Ryan v. Scism*, 474 Fed. Appx. 49, 50 (3d Cir. 2012)

*e.g.*, *United States v. Gatson*, No. 13-CR-0705, 2019 WL 5420289, at *2 (D.N.J. Oct. 21, 2019) ("A Rule 41(g) motion for the return of seized property may be denied if the property is 'derivative contraband' that the defendant may not possess."); *United States v. Marcum*, No. 2:10-CR-89, 2020 WL 1041728, at *10 (E.D. Tenn. Mar. 3, 2020) ("The Court notes that defendant's special sex offender condition . . . prevents him from possessing a modern cellphone. . . . As such, it is undisputed that under Defendant's current terms of supervised release, he is not lawfully entitled to possess the cellphones in question.").   Thus, Defendant is not entitled to relief under Rule 41.

Nor is Defendant's request that his cellular phone be sent to an unknown representative "whose name and address will be provided off the record to preserve their privacy" adequate to ensure that this unauthorized device will not be transferred to his possession.   *See, e.g.*, *United States v. Carn*, No.: 2:13-cr-346-APG-GWF, 2017 WL 8288088, at *4 (D. Nev. Dec. 12, 2017) ("The Court is not convinced that Defendant would not maintain constructive possession over the firearms by coordinating their sale with his sons as proposed designees.").

## CONCLUSION

For the reasons discussed above, Defendant's Motion for Return of Seized Property should be denied.

---

(citing 28 C.F.R. § 541.3).

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


/s/ David Lew
Assistant U.S. Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
(412) 894-7482 (Phone)
(412) 644-2644 (Fax)
david.lew@usdoj.gov
PA ID No. 320338