IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 02-19 |
| | ) | Judge Nora Barry Fischer |
| SCOTT TYREE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 7th day of July, 2020, upon consideration of Defendant Scott Tyree's Motion for Return of Property, (Docket No. [355]), the Government's Response in Opposition, (Docket No. [360]), Defendant's Reply, (Docket No. [363]), the Government's Sur-Reply, (Docket No. [365]), and the relevant standard governing such motions, i.e., "'the Government may seize evidence for use in investigation and trial, but […] it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture,'" *United States v. Noyes*, 557 F. App'x 125, 127 (3d Cir. 2014) (quoting *United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000) (italics omitted),

IT IS HEREBY ORDERED that Defendant's Motion [355] is DENIED, without prejudice.

In so holding, the Court notes that Defendant is presently serving a 24-month sentence of incarceration for supervised release violations and has moved for the return of a Kyocera S1370 "Rally" cellular phone, S/N 014289004331438, which he admits is a smart phone with internet capability. The smart phone is certainly contraband to Defendant while he remains incarcerated at a BOP facility and cannot be returned to him at this time. *See Robinson v. Warden*, 250 F. App'x 462, 464 (3d Cir. 2007) (cell phones barred as hazardous tools under BOP regulations). He has not

designated a custodian to hold the property for him. (Docket Nos. 355; 363). It is also premature for the Court to return the smart phone to Defendant because the Court's judgment imposes a one-year term of supervised release, the first six months of which he must serve at a community corrections center located in the Middle District of Pennsylvania. (Docket No. 354). The conditions of release include that he obey all requirements of the community corrections center, which likely restrict the possession and use of cellular phones, and that he "shall not purchase, possess, or use a computer, a cell phone with internet access, or other electronic devices capable of storing, recording or replaying electronic media or data files, at any location, including his place of employment or education without permission of the probation office. […] This condition shall remain in effect until computer and internet use is recommended by his sex offender treatment provider and approved by the probation officer." (Docket No. 354 at 6, special condition # 2; 7, special condition # 22). Finally, the Court also agrees with the U.S. Probation Office that the best course of action is for the smart phone to remain in the U.S. Probation Office's possession until Defendant's release from incarceration, at which time that office will be in a better position to evaluate whether Defendant has met the necessary requirements to have the device returned to him. (*See* Docket No. 365 at 2).

                                                            *s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: All counsel of record.

    Scott Tyree
    BOP # 45380-083
    FCI Elkton
    PO Box 10
    Lisbon, OH 44432
    (via first class mail)